IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARK ANTHONY TROUTT,             )
                                 )
                  Plaintiff,     )
                                 )
       vs.                       )          No. CIV-08-1376-C
                                 )
JUSTIN JONES, *et al.*,          )
                                 )
                  Defendants,    )

ORDER OF DISMISSAL

Plaintiff filed the present action pursuant to 42 U.S.C.§ 1983, alleging Defendants had

violated his Constitutional rights.   Consistent with the provisions of 28 U.S.C.

§ 636(b)(1)(B), this matter was referred to United States Magistrate Judge Robert E.

Bacharach.  Judge Bacharach entered a Report and Recommendations ("R&R") on January

11, 2010, recommending dismissal without prejudice of certain of Plaintiff's claims while

recommending others should survive.  Defendant has timely objected to the R&R.

In his R&R, Judge Bacharach evaluated Plaintiff's claims and found that his 42 U.S.C.

§ 1983 claims against Defendants in their official capacity should be barred by the Eleventh

Amendment.  Judge Bacharach also found that all of Plaintiff's claims for a permanent

injunction lacked merit and should therefore be dismissed.  As for the individual capacity §

1983 claims, Judge Bacharach found that Defendants' Motion failed for a lack of proof on

the exhaustion of remedies argument and failed as a matter of law on the remaining

arguments.  In their Objection, Defendants argue that Judge Bacharach's reasoning on this

issue was in error and that they are entitled to dismissal.

In their Motion to Dismiss, Defendants argued that Plaintiff had brought the same claims prosecuted here in state court. Based on the state court's ruling that Plaintiff had failed to exhaust his administrative remedies, Defendants argue this Court should adopt that finding and dismiss Plaintiff's claims. Judge Bacharach rejected Defendant's argument, noting that the state court proceeding evaluated the extent of exhaustion according to 57 Okla. Stat. § 564, while 42 U.S.C. § 1997e(a) imposes the exhaustion requirements for this Court. Defendants argue this determination was in error as there are not separate exhaustion requirements. Defendants' argument misstates the basis for Judge Bacharach's reasoning.

As Judge Bacharach correctly noted, the requirement to exhaust administrative remedies is governed by Oklahoma law in Oklahoma's courts and by Federal law in this Court. Contrary to Defendant's argument, however, this was not the basis for Judge Bacharach's recommendation to deny their Motion. Rather, Judge Bacharach's decision was premised primarily on Defendant's failure of proof regarding whether or not Plaintiff had exhausted his administrative remedies for the claims brought here. Rather than offer facts to support their position, Defendants simply offered the conclusory statement that Plaintiff had not exhausted and then attached copies of the state court orders dismissing Plaintiff's state court claim. However, nothing in those documents addressed the extent to which Plaintiff had attempted to exhaust the administrative remedies for the claims brought here.

Following the filing of their objection, Defendants discovered that the Special Report they had submitted to the Court on April 14, 2009 was incomplete. Defendants now seek leave to supplement that Report with the complete document. According to Defendants, the

complete Special Report includes an affidavit that clarifies that Plaintiff has not exhausted his administrative remedies. In light of that affidavit, Defendants argue they are entitled to dismissal of the case. After review of the materials appended to Defendants' Motion to Supplement Trial Court Record, it is clear that Plaintiff has failed to exhaust administrative remedies and dismissal of this action is required.[*] See <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002). This disposition renders moot the remaining arguments raised by Defendants to the R&R.

Accordingly, the Court declines to adopt the Report and Recommendation of the Magistrate Judge (Dkt. No. 62). Rather, as noted herein, Plaintiff failed to exhaust administrative remedies prior to filing this action. Accordingly, Defendants' Motion to Dismiss/Motion for Summary Judgment (Dkt. No. 57) is GRANTED. Plaintiff's Case is DISMISSED without prejudice. Defendant's Motion to Supplement Trial Court Record (Dkt. No. 67) is GRANTED. The Court's docket is deemed supplemented with the exhibit attached to the Motion to Supplement. Plaintiff's Motion to Appoint Counsel (Dkt. No. 63) is STRICKEN as moot.

IT IS SO ORDERED this 4th day of March, 2010.


_____
ROBIN J. CAUTHRON
United States District Judge

---

[*] Plaintiff's Objection to the R&R was filed after Defendants supplement and addresses the arguments raised therein. Accordingly, Plaintiff is not prejudiced by the Court's consideration of material that was not before the Magistrate Judge.